## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **RAYMOND T. MAKOWSKE, JR.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil  Case  No.  21-01439-SAG** |
| | * | |
| **LINCOLN LIFE ASSURANCE** | * | |
| **COMPANY OF BOSTON,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Raymond T. Makowske, Jr. ("Plaintiff") filed a Complaint in the Circuit Court for Worcester County (Maryland) against Defendant Lincoln Life Assurance Company of Boston ("Defendant").  The case has been removed to this Court, and now pending is Defendant's Motion to Vacate Order of Default, ECF 10.  The parties have since filed an opposition and a reply to that motion, respectively.  ECF 17, 18.  No hearing is deemed necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, Defendant's Motion to Set Aside Default will be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in state court on February 23, 2021.  On the following day, Plaintiff served the summons and Complaint, with the required filing fees, on the State Department of Assessments and Taxation ("SDAT").  Plaintiff received correspondence dated March 5, 2021, confirming SDAT's acceptance of service of process.  ECF 17-3.

On May 3, 2021, after Defendant's time to respond to the Complaint expired, Plaintiff filed a request for Default Order pursuant to Maryland Rule 2-613(b).  ECF 7.  The clerk of the state court entered an Order of Default on May 25, 2021.  ECF 8.  Approximately two weeks later, on

June 9, 2021, Defendant filed its Motion to Vacate Order of Default, along with its Notice of Removal to this Court.  ECF 10, 11.  This motion ensued.

## II.    LEGAL STANDARD FOR SETTING ASIDE THE CLERK'S ENTRY OF DEFAULT

After the Clerk enters default, the Court "may set aside an entry of default for good cause." Fed. R. C. P. 55(c).  The Fourth Circuit has stated that, when compared to the standard under Rule 60(b), the "good cause" standard in Rule 55(c) "is more forgiving of defaulting parties because it does not implicate any interest in finality."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").  Indeed, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton*, 616 F.3d at 417.  Thus, motions to set aside default "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'"  *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).  Because the Clerk has made an entry of default against Defendant, but a default judgment has not been issued, Defendant's motion to vacate is correctly considered pursuant to the more lenient standard of Rule 55(c), rather than Rule 60(b).

Six factors are relevant to the analysis of this motion.  "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th

Cir. 2006).  The decision to set aside a default "lies largely within the discretion of the trial judge."
*Id.* at 204.

## III.    ANALYSIS

Having established the relevant factors for determining whether to set aside an entry of
default, the Court will address each factor in turn.

### A.    Presence of a Meritorious Defense

Defendant argues that it possesses several meritorious defenses to Plaintiff's insurance-
related claim, specifically that "Plaintiff failed to seek timely reconsideration of the denial and did
not meet the Group Policy criteria."  ECF 18 at 1.  Defendant cites specific language in the Group
Policy requiring Plaintiff to seek reconsideration within 60 days of receipt of the notice of denial.
*Id.* at 9.  Defendant also adduced a declaration to establish that Plaintiff made no contact with
Defendant until weeks after that deadline, at which point he still did not seek reconsideration.  *See
id.*; *see also* ECF 18-1.  "A meritorious defense requires a proffer of evidence which would permit
a finding for the defaulting party or which would establish a valid counterclaim."  *Augusta
Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).
Defendant has met that standard here, which favors the setting aside of the default entered against
it.

### B.    Acting with Reasonable Promptness

Courts must consider the specific "facts and circumstances of each occasion" when
determining whether a defendant acted in a reasonably prompt manner when moving to set aside
a default judgment.  *Prescott v. MorGreen Solar Solutions, LLC*, 352 F. Supp. 3d 529, 537
(E.D.N.C. 2018) (quoting *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).  Here, Defendant
filed its Motion to Set Aside Default just fifteen days after the entry of default, well within the

thirty-day deadline set by the state court.  ECF 1-5.  For comparison, the Court has held that a defendant acted reasonably promptly when filing a Motion to Vacate a Default 33 days after the entry of default.  *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001).  This factor therefore weighs in favor of Defendant.

###   C.   Personal Responsibility for the Default

The parties dispute whether Defendant made adequate efforts to ensure that its registered agent was properly identified in SDAT's records.  Plaintiff has established that SDAT's records did not reflect a registered agent for Defendant.  ECF 17-5.  Defendant has established that it maintained its updated address information with the Maryland Insurance Commission, ECF 10 at 29, as required by Maryland statute, *see* Md. Code Ann., Ins. § 4-107.  Ultimately, this Court need not reach the issue of whether an insurance company, the Maryland Insurance Commission, or SDAT should be responsible for ensuring that the appropriate registered agent is reflected for an insurance company on SDAT's website.  There is simply no evidence that the omission on SDAT's website was motivated by any intent on Defendant's part to disregard or derail the legal process. *Compare with Russell v. Krowne*, No. DKC-08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013); *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. 12-CV-02888-ELH, 2013 WL 2902856, at *4 (D. Md. June 12, 2013).  Ultimately, then, this factor also leans in favor of the Defendant.

###   D.   Prejudice

Plaintiff argues that setting aside the default would cause it to suffer prejudice, because "Plaintiff will face the considerable burden, financially and otherwise, of full-blown litigation in this case, including discovery, motion practice, and possibly trial."  ECF 17-1 at 7.  However, the "prejudice" factor is not satisfied where a plaintiff faces "no disadvantage . . . beyond that suffered by any party which loses a quick victory."  *Augusta*, 843 F. 2d at 812.  "[A]s obvious as it may be,

it bears mention that no cognizable prejudice inheres in requiring a plaintiff to prove a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Colleton*, 616 F.3d at 419.  Thus, Plaintiff fails to establish that he would be prejudiced by setting aside the default, and this factor weighs in favor of Defendant.

> ### E.      History of Dilatory Action

Neither party mentioned this factor in their arguments, and there is no evidence in the record of a history of dilatory action on the part of the Defendant, other than its default in this matter.  Thus, this factor also weighs in favor of Defendant.

> ### F.      Availability of Less Drastic Sanctions

There would be less drastic sanctions available in this case, namely requiring Defendant to pay Plaintiff's costs, expenses, and attorney's fees related to Plaintiff's need to seek default. "[W]hen a default judgment is vacated the trial court may nonetheless impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta*, 843 F.2d at 811.  The availability of lesser sanctions indicates that this factor weighs in favor of setting aside the default, and thus mitigates in favor of Defendant.  However, this Court does not find such sanctions appropriate in this case, given the uncertainty as to the propriety of initial service and the lack of any prejudice to Plaintiff from the modest delay.

## IV.    CONCLUSION

Upon review of the six *Payne* factors, the Court finds that no factors weigh in favor of Plaintiff.  In light of the six factors favoring Defendant, the "time-worn commitment to the resolution of disputes on their merits," *Colleton*, 616 F.3d at 420, and the long-held view that a motion to set aside default "must be 'liberally construed in order to provide relief from the onerous

consequences of defaults and default judgments,'" *id.* at 421 (quoting *Tolson*, 411 F.2d at 130), this case is best resolved on its merits.

Accordingly, Defendant's Motion to Set Aside Default, ECF 10, will be **GRANTED**. Defendant will be required to respond to the Complaint within thirty days.  A separate Order follows.

Dated:  August 2, 2021                                              /s/
                                                                 Stephanie A. Gallagher
                                                                 United States District Judge